UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOANNA VIRGEN,<br><br>Plaintiff,<br><br>– v. –<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>Defendant. | Case No. 18-cv-04501<br><br>**Damages for Unlawful Collection Practices and Telephonic Harassment** |

**NOW COMES**, Plaintiff, JOANNA VIRGEN (Plaintiff"), through her undersigned attorneys, and respectfully alleges the following against CAPITAL ONE BANK (USA), N.A., (Defendant):

## INTRODUCTION

1. Plaintiff brings this action on behalf of herself individually, seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C § 1391(b)(2) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

## PARTIES

4. Plaintiff is a natural person residing in Cook County, in the township of Palatine, Illinois.

5. Defendant is a nationally chartered bank, doing business in the State of Illinois, with its principal place of business located in Virginia.

6. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

7. Defendant is a "person" as defined by 47 U.S.C. § 153 (10).

8. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

9. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (847) 913-65XX.

10. Defendant placed collection calls to Plaintiff from various telephone numbers including, but not limited to (800) 955-6600.

11. Per its prior business practices, Defendant's calls were placed with an automated dialing system ("auto-dialer"). Defendant additionally used prerecorded voice messages.

12. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, JOANNA VIRGEN.

13. Defendant's calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

16. On or about October 18, 2017, the Plaintiff called Defendant's company at phone number (800) 955-6600, spoke with Defendant's female representative named "Tanesha," and requested that Defendant cease calling Plaintiff's cellular phone.

17. During the conversation, Plaintiff gave Defendant her social security number and telephone number in order to assist Defendant in identifying her and accessing her account before asking Defendant to stop calling her cellular telephone.

18. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on October 18, 2017.

19. Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff starting on November 1, 2017.

20. Defendant continued to place collection calls to Plaintiff, at least, through March 2018.

21. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least one hundred twenty-seven (127) automated calls to Plaintiff's cellular phone.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227(b)(3)(B)**

22. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

24. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

25. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(b)(3)(C)

26. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

28. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

29. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, JOANNA VIRGEN, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A., for the following:

### FIRST CAUSE OF ACTION

30. For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein (127); $63,500.00;

31. Actual damages and compensatory damages according to proof at time of trial;

## SECOND CAUSE OF ACTION

32. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein (127); $190,500.00;

33. Actual damages and compensatory damages according to proof at time of trial;

## ON BOTH CAUSES OF ACTION

34. Costs of litigation and reasonable attorneys' fees;

35. Any other relief that this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: June 28, 2018               RESPECTFULLY SUBMITTED,

By: */s/ Peter Cozmyk*
Peter Cozmyk
Attorney for Plaintiff
COZMYK LAW OFFICES, LLC
6100 Oak Tree Blvd., Ste. 200
Independence, OH 44131
P: (877) 570-4440
F: (216) 485-2125
E: Pcozmyk@cozmyklaw.com

By:*/s/ Carlos C. Alsina*
Carlos C. Alsina-Batista
Attorney for Plaintiff
The Law Offices of Jeffrey Lohman, P.C
4740 Green River Rd., Ste 206
Corona, CA 92880
T: (866) 329-9217 Ext. 1008
F: (657) 246-1311
E: CarlosA@jlohman.com
*Pro hac vice* application to follow